UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS E. SAVARE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FEDERAL WAY, *et al.*,<br><br>　　　　　Defendants. | Case No. C14-1452 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.　INTRODUCTION

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment. Dkt. #14. Defendants seek summary dismissal of Plaintiff's federal and state law unlawful seizure, false arrest, and false imprisonment claims, as well as his state law claim for negligent infliction of emotional distress.[1] *Id.* With exception of the dismissal of his claim for negligent infliction of emotional distress Plaintiff opposes the motion, arguing that disputed material facts preclude judgment as a matter of law. Dkt. #21. Having reviewed the record before it, and having determined that oral argument is not necessary, the Court disagrees with Plaintiff and GRANTS Defendants' motion.

///

///

---

[1] Plaintiff's excessive force claim is not at issue in this motion.

ORDER
PAGE - 1

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).  Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

## III.     BACKGROUND

The instant matter arises out of the arrest of Plaintiff for driving with a suspended driver's license in August of 2012.  As a result of that arrest, Plaintiff has made several allegations in this lawsuit, including that his civil rights were violated when the Defendant Officers allegedly used excessive force during the arrest, causing physical injury to Plaintiff. *See* Dkt. #3.  The claim for use of excessive force is not at issue in this motion; however, the Court mentions it here to provide context for the nature of this suit.

Defendants had a history with Plaintiff prior to his arrest. On the morning of July 9, 2012, Federal Way Police Officer Kelly Smith was involved with impounding a Chevrolet Suburban that was parked on the side of the road with expired tabs. Dkt. #16 at ¶ 3 and Ex. A. Plaintiff Thomas Savare was the registered owner of that vehicle. *Id.* Plaintiff admits that he was angry and upset when his car was being impounded, but asserts that he did not yell at or threaten Officer Smith. Dkt #23 at ¶ 1. Officer Smith apparently learned during this encounter that Plaintiff's driver's license was suspended. *Id.* Officer Smith recalls that he either learned this information from running Plaintiff's name through the Department of Licensing records system (which is his normal custom and practice when impounding a vehicle), from his conversation with Plaintiff, or both. *Id.* Plaintiff states that he did not know his license was suspended at the time, so he could not have informed Officer Smith that it was. Dkt. #23 at ¶ 2.

A week or two later, Officer Smith saw Plaintiff driving a Chevrolet Trailblazer in Federal Way. Dkt. #16 at ¶ 4. The Trailblazer was not owned by or registered to Plaintiff. Rather, it was owned by and registered to his significant other, Melinda Sue Annis. Dkt. #23 at ¶ 3. Plaintiff claims he was not driving the vehicle that day. Dkt. #23 at ¶ 3. However, Officer Smith asserts that when he saw Plaintiff drive by, he again confirmed that Plaintiff's driver's license was suspended. Dkt. #16 at ¶ 4. However, he did not pull the vehicle over to investigate at that time. *Id.*

On August 4, 2012, at approximately 1:15 p.m., Officer Smith was monitoring traffic on South 228th Street while parked in his patrol vehicle in a parking lot. Dkt. #16, Ex. B. He observed a white Chevrolet Trailblazer with distinctive "wire spoke" wheels pull out of the 7-11 parking lot. *Id.* Officer Smith recognized the vehicle as the one he saw Plaintiff drive a few weeks earlier. *Id.* As the Trailblazer passed in front of Officer Smith, he saw that Plaintiff was

ORDER
PAGE - 3

again driving the vehicle. *Id.* At that time, Officer Smith believed that Plaintiff's driver's license was likely still suspended. *Id.* Officer Smith also noticed that Plaintiff was driving faster than the other cars around him and was likely exceeding the posted speed limit. Dkt. #16 at ¶ 5 and Ex. B. Plaintiff denies that he was driving faster than other cars around him. Dkt. #23 at ¶ 4. Plaintiff also denies <u>knowing</u> that his license was suspended at the time. *Id.* at ¶ 3. However, he does not deny that it was actually suspended.

Officer Smith stopped Plaintiff's vehicle in order to verify his driving status. Dkt. #16, Ex. B. Officer Smith approached the vehicle on the passenger's side and asked Plaintiff for his driver's license. *Id.* Plaintiff handed his driver's license to Officer Smith, and Officer Smith asked dispatch to run Plaintiff's name through the Department of Licensing (DOL) records system. *Id.* Dispatch ran the check and informed Officer Smith that Plaintiff's driver's license was suspended. Dkt. #16, Ex. B. Plaintiff asserts that he asked Officer Smith several times why he was pulled over, but Officer Smith refused to tell him. Dkt. #23 at ¶ ¶ 5-6.

From his previous encounter with Plaintiff, Officer Smith knew that Plaintiff was a very large man. Dkt. 16 at ¶ 6. Plaintiff admits he is "overweight." Dkt. #21 at 1. Officer Smith also recalled that Plaintiff had become verbally hostile during the July 9, 2012, vehicle impound. *Id.* As a result, he radioed for an additional officer to respond and assist him. *Id.* at ¶ 6 and Ex. B.

Officer Smith stood next to Plaintiff's passenger window while waiting for backup. *Id.* Federal Way Police Officer Aaron Lubrant responded to the scene and approached Plaintiff's driver's side window, which was rolled down. Dkt. #16, Ex. B. Officer Smith then advised Plaintiff he was under arrest for driving with a suspended license. *Id.* The manner in which the officers effected the arrest is not at issue in this motion. However, Officer Smith, Officer

ORDER
PAGE - 4

Lubrant, and Lieutenant Stieben (who arrived after Officer Lubrant) eventually arrested Plaintiff for driving with a suspended license in violation of RCW 46.20.342.1C, and for resisting arrest in violation of RCW 9A.76.040. Dkt. #16, Ex. C. Officer Smith then transported plaintiff to the South Correctional Entity Regional Jail ("SCORE"). *Id.*, Ex. B. Plaintiff was released on bail the same day. Dkt. #23 at ¶ 11. The Federal Way City Prosecutor ultimately declined to prosecute Plaintiff for either charge. Dkt. #15 at ¶ 3 and Ex. A.

## IV. DISCUSSION

### A. Legal Standard for Violations of 42 U.S.C. § 1983

Plaintiff has brought a federal claim for violation of his civil rights against Defendants under 42 U.S.C. § 1983. Dkt. #3 at ¶ ¶ 6.1-6.2. Because Plaintiff has not alleged a specific violated right, nor has he specified who violated his rights, Defendants have construed the claim as alleging Fourth Amendment violations for unlawful seizure, false arrest, and excessive force against the Defendant Officers, along with a potential *Monell* claim against the City of Federal Way. Dkt. #14 at 4. In this motion, Defendants seek dismissal of any alleged Fourth Amendment violation for unlawful seizure and/or false arrest on the basis that Officer Smith lawfully stopped Plaintiff for driving with a suspended license and because he had probable cause for the same. *Id.* at 4-5. In the alternative, Defendants argue that Officer Smith enjoys qualified immunity. For the reasons discussed below, the Court agrees on all points.

*1. Qualified Immunity Under Federal Law*

Government officials and law enforcement officers are entitled to qualified immunity if they act reasonably under the circumstances. *Wilson v. Layne,* 526 U.S. 603, 614 (1999). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate

ORDER
PAGE - 5

the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). The traditional determination of whether an officer is entitled to summary judgment based on the affirmative defense of qualified immunity required applying a three-part test. *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151 (2001). Under *Saucier*, courts were required to first ask whether "[t]aken in the light most favorable to the party asserting the injury, [ ] the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. If the answer was no, the officer was entitled to qualified immunity. If the answer was yes, the court was required to proceed to the next question: whether the right was clearly established at the time the officer acted. *Id.* at 201-202. If the answer was no, the officer was entitled to qualified immunity. If the answer was yes, the court was required to answer the final question: whether the officer could have believed, "reasonably but mistakenly . . . that his or her conduct did not violate a clearly established constitutional right." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). If the answer was yes, the officer would be entitled to qualified immunity. If the answer was no, he is not. *Skoog v. County of Clackamas*, 469 F.3d 1221, 1229 (9th Cir. 2006).

However, the United States Supreme Court has since modified this standard. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed.2d 565 (2009). In *Pearson*, the Court examined *Saucier* and held that reviewing judges are now permitted to exercise their discretion in deciding which of the first two prongs of the qualified immunity analysis should be addressed first in each particular case. *Pearson*, 555 U.S. at 241-42. This is because "the judges of the district courts and courts of appeals are in the best position to determine the order of decision-making [that] will best facilitate the fair and efficient disposition of each case." *Id.* at 242. The United States Supreme Court has also provided additional guidance under *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S.Ct. 2074, 179 L. Ed.2d 1149 (2011). In *al-Kidd*, the Court

ORDER
PAGE - 6

explicitly set forth the high burden on a plaintiff to defeat a summary judgment motion for qualified immunity. Indeed, to show that a right was clearly established at the time of the alleged constitutional violation, a plaintiff must point to "existing precedent [that places] the statutory or constitutional question *beyond debate*". *al-Kidd*, 131 S. Ct. at 2083 (emphasis added). However, if no such single controlling authority exists, there must be a "robust 'consensus of cases of persuasive authority'" that defines the contours of the rights in question with a high degree of particularity. *See id.* at 2084 (citation omitted).

   2. *Alleged Fourth Amendment Violations*

      a.  Lawful Vehicle Stop

The Court first addresses Plaintiff's allegation that Officer Smith performed an unlawful investigatory stop on August 4, 2012. Plaintiff argues that there are disputed issues of material fact as to whether Officer Smith had reasonable suspicion to stop Plaintiff in his vehicle, because there is no documentary evidence that supports Officer Smith's contentions that he believed Plaintiff was driving with a suspended license or to support his contention that Plaintiff was speeding. Dkt. #21 at 7-11. The Court disagrees.

Under the Fourth Amendment, an officer is permitted to make brief investigatory stops, including traffic stops, when that officer has a reasonable suspicion that the driver is engaged in criminal activity. *U.S. v. Lopez-Soto*, 205 F.3d 1101, 1104-05 (9th Cir. 2000); *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014). In the Ninth Circuit, probable cause is not necessary to conduct an investigatory traffic stop. *Lopez-Soto*, 205 F.3d at 1104-05 (9th Cir. 2000). An officer has reasonable suspicion when "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Id*. at 1105 (internal citations omitted). "An officer is entitled to

ORDER
PAGE - 7

rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also be grounded in objective facts and be capable of rational explanation." *Id.* (internal citations omitted).

In this case, Officer Smith asserts that he had reasonable suspicion that Plaintiff was driving with a suspended license on August 4, 2012. While Plaintiff focuses on his own lack of knowledge that his license was suspended, that is of no import, because the question is whether the officer had reasonable suspicion to believe as much. Officer Smith knew that Plaintiff's driver's license was suspended as of the date he assisted with impounding Plaintiff's car in early July 2012. Officer Smith also learned a few weeks later that Plaintiff's license remained suspended. As a result, he suspected on August 4, 2012, that Plaintiff was continuing to drive under a suspended license. Based on that information, it was reasonable to stop Plaintiff to check his driving status. Indeed, the Ninth Circuit has long held that "[a] traffic violation alone is sufficient to establish reasonable suspicion" to validate a traffic stop. *U.S. v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996), and recognizing that even reasonable suspicion of a parking violation can justify an investigatory stop of a vehicle); *see also U.S. v. Duval*, 73 Fed. Appx. 242, 244 (9th Cir. 2003) (finding reasonable suspicion for a traffic stop where the vehicle had an expired license plate and a crumpled temporary tag affixed with duct tape on the rear window); and *U.S. v. Tyndal*, 172 Fed. Appx. 741, 742 (9th Cir. 2006) (deeming driving with a suspended license sufficient for reasonable suspicion).

Plaintiff complains that there is no documentary evidence to support Officer Smith's contentions that he believed Plaintiff was driving with a suspended license or to support his contention that Plaintiff was speeding, and therefore Officer Smith did not really have

ORDER
PAGE - 8

reasonable suspicion to pull him over. That is simply speculation by Plaintiff and does not create any genuine dispute as to a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986) (explaining that in response to a motion for summary judgment, "the nonmoving party must do more than show there is some metaphysical doubt as to the material facts at issue"); *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989) (noting that a "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists will not preclude summary judgment). Accordingly, the Court finds that it was lawful for Officer Smith to briefly stop plaintiff to investigate the possible criminal activity by obtaining plaintiff's driver's license and conducting a fresh Department of Licensing records search. Thus, there was no constitutional violation as a matter of law, and Officer Smith would be entitled to qualified immunity on this claim in any event.

      b.  <u>Probable Cause for Arrest</u>

The Court next addresses any allegation by Plaintiff the Defendant Officers violated his Fourth Amendment rights by arresting him without probable cause. Defendants acknowledge that Plaintiff was arrested, but assert that no constitutional violation occurred because the arrest was justified by probable cause. Under the Fourth Amendment, a warrantless arrest requires probable cause. *Michigan v. Summers*, 452 U.S. 692, 700 (1981). Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested. *U.S. v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Under RCW 46.20.342, it is unlawful for any person to drive a motor vehicle in Washington while that person has a suspended license. Plaintiff admits that his driver's license was suspended on August 4, 2012. Dkt. #17, Ex. A. at 11. On August 4, 2012, once Officer

Smith stopped Plaintiff's vehicle and ran a check on his license, he confirmed that Plaintiff was driving with a suspended license. This gave Officer Smith and the other Defendant Officers probable cause to arrest plaintiff for driving while license suspended.

The Defendant Officers also arrested Plaintiff for resisting arrest in violation of RCW 9A.76.040(1). Plaintiff argues that they did not have probable cause to arrest him on that charge because he did not resist arrest. Dkt. #23 at ¶ 8. Assuming for purposes of this motion that this is true, that fact is not material. When there is one arrest for multiple crimes, and the Court determines there was probable cause for one of the charges, it does not matter whether there was probable cause for the other charges. *Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (explaining that after determining there was probable cause for an arrest on one charge, the plaintiff's "single seizure" was not unconstitutional even if police officer lacked probable cause for the other charge). Thus, there was no constitutional violation as a matter of law, and Officer Smith would be entitled to qualified immunity on this claim in any event.

  c. Unreasonable Seizure

For the reasons set forth above, the Court determines that Mr. Savare's seizure was constitutional, and therefore the Defendant Officers are also entitled to qualified immunity on that claim.

  *3. Alleged Monell Claim Against The City of Federal Way*

Although Plaintiff has not actually asserted any claim against Defendant City of Federal Way under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), Defendants have moved to dismiss any such claim should Plaintiff try and assert it. *See* Dkt. #14 at 9-10. Defendants move to dismiss this claim on the basis that Plaintiff has failed to specifically identify any custom, policy or practice of Federal Way that violates his rights. *Id.*

ORDER
PAGE - 10

Plaintiff responds that this Court should defer any ruling on the basis that his excessive force claim is not before the Court. Dkt. #21 at 13. The Court does not defer its ruling. Plaintiff has failed to actually allege any *Monell* claim against the City of Federal Way. *See* Dkt. #3. Likewise, he has failed to identify any custom, policy or practice of Federal Way that violates his rights. Accordingly, the Court GRANTS Defendants' motion with respect to this (non-existent) claim and, to the extent Plaintiff intended to bring it under his broad 1983 claim, it will be dismissed.[2]

### B. Plaintiff's State Law Claims

In addition to the federal claims identified above, Plaintiff has also asserted a number of claims against Defendants under Washington State law, including: false arrest and false imprisonment, and negligent infliction of emotional distress.[3] Dkt. #3 at ¶¶ 4.1-5.2. The Court addresses each of these in turn, below.

*1. False Arrest and False Imprisonment*

Defendants seek to dismiss Plaintiff's state law false arrest/false imprisonment claim based on probable cause. The Court agrees with Defendants that there was probable cause for Plaintiff's arrest under state law as well as federal law. In *State v. Perea*, 85 Wn. App. 339, 343, 932 P.2d 1258 (1997), a police officer who knew of an individual's suspended license from a seven day-old records check recognized the individual and radioed another officer to stop him while driving. *Id.* at 340-41. The court held that the police officers had reasonable suspicion to stop and probable cause to arrest the individual for driving while his license was

---

[2] The Court also notes that Plaintiff appears to believe he has brought a claim against the City of Federal Way under the theory of *respondeat superior*; however, no such claim appears in his Complaint. *See* Dkt. #21 at 13 *compare with* Dkt. #3.

[3] Plaintiff has also asserted a claim for assault and battery; however, that claim is not at issue in this motion and will not be addressed.

ORDER
PAGE - 11

suspended, even though information regarding the suspension was seven days old and driving privileges can possibly be reinstated with one week. *Id*. at 342-43. *See also State v. Madrigal*, 65 Wn. App. 279, 282, 827 P.2d 1105 (1992) (holding that officers may temporarily detain a suspect pending the results of a police headquarters radio check). With this authority, the Court finds that the information Officer Smith possessed on August 4, 2012, gave him reasonable suspicion to initiate the traffic stop. As noted above, the results of the DOL license review gave the Defendant Officers probable cause for Plaintiff's arrest. Accordingly, this claim will also be dismissed.

### 2. *Negligent Infliction of Emotional Distress*

Plaintiff acknowledges that he is only asserting a claim for Intentional Infliction of Emotional Distress (a.k.a. Outrage),[4] and therefore does not oppose the dismissal of his claim for negligent infliction of emotional distress. *See* Dkt. #21 at 16. Accordingly, this claim will also be dismissed.

### V.   CONCLUSION

Having reviewed the Defendants' motion for partial summary judgment, the response in opposition thereto and reply in support thereof, along with all supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion for Partial Summary Judgment (Dkt. #14) is GRANTED.

2. Plaintiff's Third Cause of Action, alleged Violations of 42 U.S.C. § 1983 (Dkt. #3 at ¶ ¶ 6.1-6.2), to the extent it alleges unlawful seizure and/or false arrest is DISMISSED. Plaintiff's Third Cause of Action to the extent it alleges excessive force during arrest remains pending.

---

[4] The Court notes that no claim for Intentional Infliction of Emotional Distress has actually been asserted in Plaintiff's Complaint. *See* Dkt. #3.

ORDER
PAGE - 12

3. Plaintiff's First Cause of Action, to the extent it alleges a state law claim for false arrest/false imprisonment (Dkt. #3 at ¶¶ 4.1-4.3) is DISMISSED. Plaintiff's First Cause of Action to the extent it alleges a state law assault and battery claim remains pending.

4. Plaintiff's Second Cause of Action for Negligent Infliction of Emotional Distress (Dkt. #3 at ¶¶ 5.1-5.2) is DISMISSED with prejudice.

DATED this 4th day of June 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE